United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST CAPITAL INVESTORS, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>JOSEPHINE URBI ET AL.,<br><br>        Defendants.<br>_____/ | No. C-12-05592 DMR<br><br>**ORDER REASSIGNING CASE TO DISTRICT JUDGE; AND REPORT AND RECOMMENDATION TO REMAND TO SUPERIOR COURT OF CALIFORNIA** |

   Defendant Franco Urbi ("Defendant") removed this case pursuant to 28 U.S.C. § 1441 from Alameda County Superior Court, where it was pending as a complaint for unlawful detainer against Defendants Franco Urbi and Josephine Urbi. The Notice of Removal states that the Complaint presents a federal question such that the case could have originally been filed in this court. (Notice of Removal ¶¶ 6, 10.)

   When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). The parties have not yet filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Therefore, the court issues herein a Report and Recommendation and reassigns this

case to a District Judge for final disposition, with the recommendation that summary remand be ordered.[1]

### I. Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002). Relevant for purposes here, a federal question exists only when it is presented by what is or should have been alleged in the complaint. *Id.* at 830. The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction. *Id.* at 831.

According to Defendant's Notice of Removal, a federal question arises because "Defendants' demurrer . . . depend[s] on the determination of Defendants' rights and Plaintiff's duties under federal law." (Notice of Removal ¶ 10.) The complaint that Plaintiff filed in Alameda County Superior Court, however, simply alleges a state cause of action under unlawful detainer. (Compl. ¶¶ 6-9) Whatever Defendants intend to argue in response to this allegation does not give rise to removal jurisdiction.

### III. Conclusion

For the reasons above, the court recommends that this action be remanded to the Alameda County Superior Court and that the Clerk be ordered to close the case file. The Clerk is directed to reassign this case to a District Judge.

---

[1] On December 6, 2012, Plaintiff filed a motion to remand. [Docket No. 4.] In light of the court's recommendation herein, the court recommends that the motion be denied as moot.

1  Any party may file objections to this report and recommendation with the district judge
2  within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a);
3  N.D. Cal. Civ. L.R. 72-2.
4  IT IS SO ORDERED.

6  Dated:  December 18, 2012



7  _____
8  DONNA M. RYU
   United States Magistrate Judge